**Sohan Singh PANDHER, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Sohan Singh Pandher, Petitioner,**

v.

**Alberto R. Gonzales, Attorney, General, Respondent.**

Nos. 04–71174, 04–73297.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Nov. 27, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Alison R. Drucker, Esq., Carolyn Piccotti, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD and THOMAS, Circuit Judges, and LEIGHTON *, District Judge.

MEMORANDUM **

Sohan Singh Pandher, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA" or "Board") decision dismissing his appeal

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

from an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

■ The BIA's decision to affirm the IJ's denial of asylum and withholding of removal is not supported by substantial evidence. *See Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995) (reviewing denial of asylum and withholding of removal for substantial evidence). Although the BIA overturned the IJ's adverse credibility determination and finding of past persecution, it found that Pandher did not have a well-founded fear of future persecution. The BIA relied on the fact that background evidence in the record indicated improved country conditions, that Pandher did not testify to harm between his release in 1992 and when he left India in 1997, and that Pandher's past persecution was not sufficiently severe to qualify for a grant of asylum. Each of these bases are unfounded.

First, the country report relied upon discussed an improved situation in Punjab for Sikhs in general terms; however, it also noted that extrajudicial killings remained a problem and that human rights activists in particular were targeted. The circumstances of Pandher's persecution in India and resulting escape indicate that, if returned, he would fit within the narrow category of Sikh activists likely subject to persecution by Indian police. *Cf. Kataria v. INS*, 232 F.3d 1107, 1115 (9th Cir.2000) (discussing the same country report at issue and determining that petitioner with similar background had a well-found fear of persecution).

Second, the BIA's conclusion that Pandher did not suffer persecutorial harm between 1992 and 1997 is factually unfounded. Pandher was incapacitated for two years subsequent to his release from brutal police custody in 1992. He was imprisoned for his involvement with the movement to establish an independent Sikh state, Khalistan. After recovering from his injuries in 1995, he investigated the disappearance of his missing brother and determined that he was killed by the Indian police for his political activism, and specifically identified the police inspector responsible. In 1997, that police inspector advised him to stop investigating or he would be killed. At that point, Pandher left the country. Therefore, Pander sufficiently testified to persecutorial harm between 1992 and 1997.

Finally, Pandher's testimony overall, regarding his past persecution in India, was sufficiently severe to qualify for a grant of asylum. Pandher testified to several instances in which he was severely beaten and tortured at the hands of the Indian police. In addition, several members of Pandher's immediate family had been killed by Indian authorities based on their involvement with the movement for Khalistan.

Thus, we grant Pander's petition for review of the BIA decision to deny asylum and withholding of removal. *See Lal v. INS*, 255 F.3d 998, 1011 (9th Cir.2001); *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir.2004).

II

■ As to Pandher's request for relief under the Convention Against Torture, the BIA erred in denying this request based on its decision to affirm the IJ's denial of asylum and withholding of removal. "[A] failure to establish eligibility for asylum does not necessarily doom an application for relief under the United Nations Convention Against Torture." *Farah v. Ash-*

*croft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003). Indeed, we have expressly held that "the standards for the two bases of relief are distinct and should not be conflated." *Id.* at 1157. Thus, denial of asylum does not require the denial of relief under CAT.

## III

Pandher also petitions for review of the Board's denial of his motion to reopen his applications based on newly acquired material evidence. However, given our decision granting the petition for review, we need not—and do not—reach this question.

## IV

We grant the petition for review and remand for the Attorney General to exercise his discretion and for other proceedings consistent with this opinion.

**PETITION GRANTED; REMANDED.**

*This case was not selected for publication in the Federal Reporter*